ROTHENBERG, J.
H.C. (“the Father”) appeals an order adjudicating his children, H.C.(l) and H.C.(2) (collectively, “the Children”), dependent based on a finding of “abuse” as defined in section 39.01(2), Florida Statutes (2013). We reverse.
In December 2013, the Department of Children and Family Services (“the Department”) filed a verified petition for dependency, alleging abuse based on “two purple-green, non-patterned bruises on [H.C.(2)’s] left lateral thigh as well as a purple loop mark.”[1] Although the Department originally became involved with the family in December 2012 due to domestic violence by both parents in the *244 presence of the Children, there was no prior history of injuries or harm to the Children.
The testimony at the adjudicatory hearing reflects as follows. The Father picked up the Children from daycare on Friday, October 4, 2013, and returned the Children to the Children’s mother (“Mother”) on Sunday, October 6, 2013. At that time, the Father lived with his then-wife and her two children, ages eleven and thirteen. Overall, the weekend was uneventful: the Children played at the park and attended a football game, and the Father fed and bathed the Children. During the weekend, the Father did not notice any bruises or marks on H.C.(2), who was then eleven months old; the Father did not know how the bruises and mark occurred; and there was absolutely no evidence that the Father hit or physically disciplined the Children during the weekend visitation.
The Mother claimed that she first noticed the bruises and mark on H.C.(2)’s thigh on Sunday, October 6, while bathing her. However, the Mother waited until Monday, October 7, to contact her caseworker at the Department, and did so only after her own mother urged her to do so. When the Mother touched the bruise on H.C.(2)’s thigh, H.C.(2) did not cry or appear to be in pain.
The Department’s expert, Cynthia Hunt (“Hunt”), a nurse practitioner with the University of Miami Child Protection Team, testified that she examined H.C.(2) on Wednesday, March 9, 2013. Hunt’s written report described H.C.(2)’s injuries as follows: “Left lateral thigh with two purple-green nonpatterned bruises and a purple loop mark.” In the report, Hunt opined that H.C.(2)’s injury “represents child physical abuse.” At the dependency hearing, Hunt testified that H.C.(2) had two medium-sized bruises on her left thigh and a “loop mark.” She also explained that a loop mark is indicative of “[bjeing hit with an instrument” such as a belt or electrical cord, but that any kind of cord can cause a “loop mark.” Hunt, however, could not determine the date the injuries occurred because all individuals heal differently. When asked whether H.C.(2)’s bruises and the “loop mark” could be attributed to H.C.(2) falling while attempting to walk, Hunt testified that she sees children “learning to walk half bruising sometimes,” and that it is possible that H.C.(2)’s bruises could have been caused by falling, but the loop mark could not be a result of falling even if H.C.(2) had fallen on an item.
Following the adjudicatory hearing, the trial court entered an order adjudicating the Children dependent as to the Father. The trial court found that “[sjomething happened to [H.C.(2) ] during the weekend,” and her injuries, which include “bruising and a loop mark on her left thigh,” are consistent with “child physical abuse.” Based on these findings of fact, the trial court concluded that the Department established by a “preponderance of the evidence that the Children are dependent by acts of abuse and the prospective risk of abuse presented by the Father.” The Father’s appeal followed.
The Father contends the trial court abused its discretion by finding that the Children are “dependent by acts of abuse and the prospective risk of abuse presented by the Father.” We agree.
To adjudicate a child “dependent,” the trial court must find that the Department proved the allegations set forth in the verified petition for dependency by a preponderance of the evidence. An appellate court reviews “an adjudication of dependency for an abuse of discretion, and will uphold the determination if the trial court applied the correct law and *245 its ruling is supported by competent, substantial evidence.” Y.P. v. Dep’t of Children & Family Servs., 939 So.2d 1118, 1119 (Fla. 3d DCA 2006).
Section 39.01(2) defines “abuse” as follows:
“Abuse” means any willful act or threatened act that results in any physical, mental, or sexual abuse, injury, or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions. Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child.
(emphasis added). Further, “harm” is defined, in relevant part, as follows:
(32) “Harm” to a child’s health or welfare can occur when any person:
(a) Inflicts or allows to be inflicted upon the child physical, mental, or emotional injury. In determining whether harm has occurred, the following factors must be considered in evaluating any physical, mental, or emotional injury to a child: the age of the child; any prior history of injuries to the child; the location of the injury on the body of the child; the multiplicity of the injury; and the type of trauma inflicted. Such injury includes, but is not limited to:
1. Willful acts that produce the following specific injuries: [Bruises are not listed as one of the specific injuries.] As used in this subparagraph, the term “willful” refers to the intent to perform an action, not to the intent to achieve a result or to cause an injury.
[[Image here]]
4. Inappropriate or excessively harsh disciplinary action that is likely to result in physical injury, mental injury as defined in this section, or emotional injury. The significance of any injury must be evaluated in light of the following factors: the age of the child; any prior history of injuries to the child; the location of the injury on the body of the child; the multiplicity of the injury; and the type of trauma inflicted. Corporal discipline may be considered excessive or abusive when it results in any of the following or other similar injuries:
[[Image here]]
k. Significant bruises or welts,
(emphasis added).
Based on the definition of “harm,” there is substantial, competent evidence that H.C.(2) was harmed, as it is undisputed that she not only had significant bruises, but she also had a “loop mark” that is consistent with being hit with an instrument such as an electrical cord or a belt. However, the record is completely devoid of any evidence that the Father caused H.C.(2)’s injuries, allowed anyone else to inflict H.C.(2)’s injuries, or has ever hit or physically disciplined H.C.(2) or H.C.(l). Moreover, during the weekend, H.C.(2) was exposed to numerous individuals besides the Father and the Mother, including the Father’s then-wife, her two children, the maternal grandmother, and several of H.C.(2)’s cousins. Thus, the Department failed to establish by a preponderance of the evidence that the Father inflicted or allowed someone else to inflict these injuries on H.C.(2). We therefore reverse the order adjudicating the Children dependent as to the Father.
Reversed.

. The dependency petition also asserted that the Children were at substantial risk of neglect as defined in section 39.01(44), Florida Statutes (2013), however, the order adjudicating the Children dependent was based solely on abuse.